**Deborah GHANI, Petitioner— Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent— Appellee.**

No. 09–9005.

United States Court of Appeals, Tenth Circuit.

Dec. 1, 2009.

---

Deborah Ghani, Arvada, CO, for Petitioner–Appellant.

John A. Dicicco, Steven W. Parks, Kenneth W. Rosenberg, U.S. Department of Justice, Clarissa C. Potter, Internal Revenue Service, Washington, DC, for Respondent–Appellee.

Before HARTZ, SEYMOUR, and ANDERSON, Circuit Judges.

### ORDER AND JUDGMENT*

STEPHEN H. ANDERSON, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Deborah Ghani, proceeding *pro se,* appeals the Tax Court's order: (1) granting the Commissioner of the Internal Revenue Service's motion to dismiss for lack of jurisdiction; (2) dismissing her case on the ground that no notice of determination was sent to Ms. Ghani; and (3) denying Ms. Ghani's motion to restrain assessment. We affirm.

The Tax Court properly concluded that it lacked jurisdiction because Ms. Ghani was never issued a Notice of Deficiency or a Notice of Determination. *See* 26 U.S.C. §§ 6213, 6330; *Abrams v. Comm'r,* 814 F.2d 1356, 1357 (9th Cir.1987) (per curiam) (holding that a pre-filing notification letter from the Internal Revenue Service was not a Notice of Deficiency and therefore, the Tax Court had no jurisdiction over the taxpayer's petition); *see also Tuka v. Comm'r,* 348 Fed.Appx. 819, 820 (3d Cir. 2009) (unpublished) ("[T]he lock-in letter . . . does not constitute a notice of determination."); *Davis v. Comm'r,* T.C. Memo. 2008–238, 2008 WL 4703706, at *7 (2008) ("[A] lock-in letter is not a levy.").

We have examined all of Ms. Ghani's arguments and find them unpersuasive.[1]

AFFIRMED.

---

\* This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

1. The motion to file reply brief out of time is granted, and the panel has taken the brief into consideration.